```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RAYMOND RODRIGUEZ-MEDINA,
                                                              REPORT & RECCOMENDATION
                              Plaintiff,                      18 CV 1012 (DG)(LB)
        -against-

OFFICER PARRILLA and OFFICER
MITCHELL,

                              Defendants.
----------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Plaintiff Raymond Rodriguez-Medina, also known as Raymond Medina, brings this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that defendants[1] violated his constitutional rights by failing to protect him during a July 27, 2016 assault by other inmates at the Brooklyn Detention Complex where plaintiff was then incarcerated. Plaintiff further alleges that defendants used excessive force against him to bring the incident under control and subsequently denied him medical care for his injuries. Defendants move for summary judgment on all claims pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, it is respectfully recommended that defendants' motion for summary judgment should be granted.[2]

---

[1] On the docket, Officer Mitchell's name is spelled as "Michell" and Officer Parrilla's name as "Parilla." The Court adopts the spelling used by defendants in their Rule 56.1 Statement throughout this Report.

[2] Pursuant to Local Civil Rule 56.2, defendants served plaintiff with the requisite notice regarding his opposition to their motion for summary judgment. ECF No. 70. "Despite this notice, Plaintiff failed to submit a response to Defendants' 56.1 statement[] of facts. Accordingly, the Court may conclude that the facts in Defendants' 56.1 Statement are uncontested and admissible." Berry v. Marchinkowski, 137 F. Supp. 3d 495, 503 n.1 (S.D.N.Y. 2015). Plaintiff "has failed to submit any facts in opposition to defendant[s'] motion for summary judgment[.]" Brandever v. Port Imperial Ferry Corp., No. 13-CV-2813 (KBF), 2014 WL 1053774, at *2 ("[E]ven a *pro se* plaintiff must offer some evidence that would defeat a motion for summary judgment."). While plaintiff has filed opposition papers, he does not include an affidavit or other evidence. As plaintiff is proceeding *pro se*, the Court exercises its discretion to draw on his complaint for the facts concerning his claim and to consider the substance of his arguments, to the extent they are supported by the record. See Bolling v. City of New York, 18-CV-5406 (PGG)(RWL), 2021 WL 961758, at *2 n.2 (S.D.N.Y. Mar. 14, 2021) (drawing on *pro se* plaintiff's amended complaint, notwithstanding plaintiff's failure to file a Rule 56.1 Statement).

## FACTS

### A. The July 27, 2016 Incident

Plaintiff alleges he was "assaulted by three inmates whom [sic] had weapons" on July 27, 2016 while he was incarcerated at the Brooklyn Detention Complex. Compl. at 5;[3] Def. R. 56.1 Stat. ¶ 1. Plaintiff claims that defendants Jessica Parrilla and Syrena Mitchell—who were the Department of Correction (DOC) officers on duty at the time—initially failed to stop the assault. Defendant Parrilla then used a "chemical agent" on plaintiff while defendant Mitchell "sat back and watched an laugh [sic] about what they did…." Compl. at 5; Def. R. 56.1 Stat. ¶ 2. As a result, plaintiff states he suffered from contusions to his face and lacerations to his face, head, arms, and neck. Compl. at 5. Plaintiff claims he "asked for medical treatment and was refused" on July 29, 2016 and on August 1, 2016. Id.

### B. The General Release

Plaintiff has filed numerous lawsuits against the City, several of which he identified on the cover page of his complaint. ECF No. 1 at 1-3. On February 4, 2021, plaintiff testified during his deposition about a previously undisclosed state court lawsuit he brought alleging excessive force against the City and a "Captain Dunbar." Gottstein Aff., Ex. D. ("Pl. Dep. Tr."), 152:2-14; 153:4-5. Plaintiff commenced the state court suit with counsel—Medina v. City of New York, et al., Index No. 702862/2016 ("Medina I")— under the name "Raymond Medina" in Queens County Supreme Court on March 16, 2016. Def. R. 56.1 Stat. ¶ 6. In June 2017, Medina I was settled for $27,500 in consideration for plaintiff signing a general release of claims ("General

---

[3] The Court cites to ECF page numbers when referencing plaintiff's documents.

Release") against the City of New York and its employees. Gottstein Aff., Ex. B, ECF No.72-2; Ex. C, ECF No. 72-3.

The stipulation discontinuing the state court case was signed by Ilya Novofastovsky of the Novo Law Firm—plaintiff's attorney in Medina I—on June 26, 2017. Gottstein Aff., Ex. B at 1-2. The General Release, which is the basis for defendants' instant motion for summary judgment, was signed by Raymond Medina[4] and notarized on June 29, 2017. Gottstein Aff., Ex. C at 1-2. The Release provides, in pertinent part, that Raymond Medina releases and forever discharges:

> the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York […] from any and all claims […] known or unknown, which [Raymond Medina] had, now has or hereafter can, shall, or may have […] against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE except as indicated below, if applicable.

Id. at 1. "N/A" is written in the section of the General Release where plaintiff could exclude any other claims. Id. The General Release states in bold capital letters that the undersigned—in this case, Raymond Medina—"read the foregoing release and fully understands it." Id. at 2.

## PROCEDURAL HISTORY

Plaintiff filed the original complaint in this *pro se* action on February 14, 2018, ECF No. 1, and paid the filing fee. ECF No. 5. On March 18, 2019, Judge Mauskopf *sua sponte* dismissed plaintiff's claims against the New York City Department of Corrections and Commissioner

---

[4] The signature appears as "Raymond Rodriguez Medina" and "Raymond Medina' is printed below. See Gottstein Aff., Ex. C at 2.

3

Ponte pursuant to 28 U.S.C. § 1915A(b)(1). Defendants Parrilla and Mitchell answered the Complaint on December 20, 2019. ECF No. 36. The Court held the initial conference on January 22, 2020 and the parties conducted discovery. ECF No. 41. On February 19, 2021, defendants sought permission to file a motion for summary judgment. ECF No. 62. After plaintiff requested and received several extensions of time to oppose the motion[5], defendants filed the fully briefed motion for summary judgment on October 4-5, 2021. ECF Nos. 69-75. Plaintiff sought and received leave to provide supplemental briefing, which plaintiff filed on April 25, 2022. ECF No. 81.

## DISCUSSION

Defendants move for summary judgment on the sole basis that plaintiff's claims are barred by the General Release in Medina I.[6] It is clear from his opposition that plaintiff is confused as to how a release signed in a different case could bar this case against these defendants. As discussed in more detail below, a general release gives up all claims plaintiff may have up until the date the release is signed. The general release used by the City releases the City (and its employees) from liability for all claims that occurred prior to the date a party signs the release. Signing such a general release not only resolves the claims in the lawsuit that is being

---

[5] Plaintiff was hospitalized in April 2022, which contributed to his delay in filing his supplemental brief. ECF No. 81 at 2.

[6] Although defendants did not raise the General Release as an affirmative defense in their Answer, ECF No. 36, the Court may "entertain" it as a basis for summary judgment absent evidence of bad faith, dilatory motive, futility or undue delay for defendants' failure to assert the defense earlier. Cooper v. City of New York, 14-CV-1761(RJD)(RML), 2018 WL 5115565, at *4 (E.D.N.Y. 2018) (internal quotation marks omitted). There is no suggestion of bad faith or dilatory motive here. Defendants sought leave to file a motion for summary judgment in February 2021, a few weeks after learning of Medina I at plaintiff's deposition. See ECF No. 62. Plaintiff commenced Medina I under a different (albeit similar) name. Id. Plaintiff cannot claim to be unfairly prejudiced by defendants' late assertion of the General Release since he himself signed the General Release and was aware of defendants' intent to rely on it as the basis for their motion since February 2021. See Cooper, 2018 WL 5115565, at *5 (allowing defendants to rely on a general release as a basis for summary judgment even though it was not raised as an affirmative defense in their answer). The Court therefore considers the General Release.

settled, but also bars the plaintiff from asserting other claims arising from incidents that happened before the release is signed, even if those incidents involve different individuals and different types of claims. Cases plaintiff has brought or pre-litigation claims that plaintiff may pursue can be excluded from a general release, but such exclusions must be explicitly written into the agreement. This should have been made clear to plaintiff by his attorney.

For the reasons stated below, the Court finds that the general release plaintiff signed in Medina I bars the instant action and therefore defendants' motion for summary judgment should be granted.

**A. The Release Bars Plaintiff's Claims**

I.     Summary Judgment Standard

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Anderson, 477 U.S. at 248). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000); see also, Baker v. Home Depot, 445 F.3d 541, 543 (2d Cir. 2006) (resolving all ambiguities and drawing all inferences in favor of the nonmoving party on summary judgment). The Court must "view the

facts in the light most favorable" to the nonmoving party. Island Software and Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir.2005).

If the moving party meets its burden in establishing the absence of any genuine issue of material fact, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). The non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252).

If the moving party meets its burden in establishing the absence of any genuine issue of material fact, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). The non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252). When a plaintiff is proceeding *pro se*, as in the instant action, the Court "reads [plaintiff's] papers liberally and interpret[s] them to raise the strongest arguments that they suggest." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003)) (internal quotation marks omitted).

II. <u>The General Release Bars Plaintiff's Claims</u>

"Settlement agreements must be construed according to general principles of contract law." <u>Arzu v. City of New York</u>, 13-CV-5980 (RA), 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015).[7] "Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." <u>Tromp v. City of New York</u>, 465 F. App'x 50, 51 (2d Cir. 2012) (summary order) (internal quotation marks omitted). If the Court concludes the plain text of a release is clear and unambiguous, then it "cannot consider extrinsic evidence of the parties' intent and must enforce the release according to its terms." <u>Mateo v. Carinha</u>, 14-CV-9020 (LTS), 2019 WL 1409727, at *3 (S.D.N.Y Mar. 28, 2019), <u>aff'd</u>, 799 F. App'x 51, 54 (2d Cir. Feb. 5, 2020) (summary order). The defendant bears the initial burden of showing a release bars the plaintiff's claims, at which point the burden shifts to the plaintiff to "show that there has been fraud, duress or some other fact which will be sufficient to void the release." <u>Liverpool v. City of New York</u>, No. 18-CV-1354 (LJL), 2021 WL 3604855, at *3 (S.D.N.Y. 2021) (internal quotation marks and citations omitted).

Here, there is no dispute that plaintiff is the person who signed the General Release. The signature on the notarized General Release reads "Raymond Rodriguez-Medina." Gottstein Aff., Ex. C at 2. In his deposition testimony, plaintiff discussed settling a prior case initiated in March 2016 and stated that he often went by the name Raymond Medina. Pl. Dep. Tr. 11:26-24; 194:4-14; 152:2-14. Additionally, plaintiff testified that "Captain Dunbar" was the individual who used excessive force on him, <u>id.</u> 152:7-9, and the caption of the Stipulation of Settlement in <u>Medina I</u> includes a Deputy Warden Dunbar as among the defendants. Gottstein Aff., Ex. B, ECF No. 72-2 at 1. Plaintiff does not complain that he was denied the benefit of the bargain he struck to settle

---

[7] The Clerk of Court is directed to send plaintiff the attached copies of all the unreported cases cited herein

7

Medina I, instead testifying that he "got [Dunbar] good" and received "27 grand" pursuant to the settlement. Pl. Dep. Tr. 152:8-9, ECF No. 72-4 at 8.

There is also no question that language of the General Release is clear and unambiguous. In Mateo v. Carinha, the district court granted summary judgment for defendant and dismissed the plaintiff's civil rights case, holding his claims were barred by a general release substantively identical to the one plaintiff signed in Medina I. Mateo, 2019 WL 1409727, at *3. Similar general releases have been held to apply "without limitation [to] all claims that a party ever had against a party until the date of the release[.]" Azru, 2015 WL 4635602, at *4 (internal quotation marks omitted). That is, such general releases cover not just claims pending in court on the date of signature but claims that "might then have been adjudicated as a result of pre-existent controversies"—in other words, potential claims arising from incidents that predate the general release. Mateo, 799 F. App'x at 53 (internal quotation marks omitted); see also Cooper, 2018 WL 5115565, at *6 (finding similar release "unambiguously bars […] claims that had fully materialized prior to execution of the Release, as well as inchoate claims based on events that allegedly violated [plaintiff's] rights prior to execution of the Release"); Liverpool, 2021 WL 3604855, at *3 (granting summary judgment for defendant for claims based on acts by City officers and employees that took place prior to the date of a general release).

By signing the General Release on June 29, 2017, plaintiff agreed to "release and forever discharge the City of New York, and all past and present […] employees […] from any and all claims […] for, upon or by reason of any matter, cause or thing whatsoever that occurred" before the date he signed the General Release. Gottstein Aff., Ex. C at 1. The incident underlying plaintiff's complaint occurred on July 27, 2016, roughly eleven months before he signed the General Release. Likewise, the defendants that plaintiff sues in this action were employed by the

8

City as correction officers at the time of the incident and are therefore covered by the terms of the General Release. Def. R. 56.1 Stat. ¶ 2. Finally, plaintiff did not carve out or exclude any claims from the General Release, instead writing "N/A" in the section for such exclusions. Gottstein Aff., Ex. C at 1. Plaintiff's claims are barred by the "language of the notably broad General Release" which is "clear on its face." Mateo, 799 F. App'x at 54.

Plaintiff does not provide any evidence of "fraud, duress or some other fact which will be sufficient to void the release." Liverpool, 2021 WL 3604855, at *3. Plaintiff argues that the General Release was "redacted and ruled without prejudice[,]" involved "different defendants[,]" and was not intended to bar the instant proceeding.[8] ECF No. 75. But these assertions about the scope of the General Release are at odds with its plain text, which, as explained above, unambiguously extend to the DOC officers plaintiff names as defendants in this case. Although plaintiff may not have fully understood how broad a general release is, "the unambiguous language of the General Release, rather than [plaintiff's] subjective understanding, controls." Caines v. Rutherford, 17-CV-7688 (GHW), 2018 WL 2305563, at *3 (S.D.N.Y. May 21, 2018) (granting summary judgment for defendant because plaintiff signed a general release, notwithstanding that plaintiff argued he understood the release to bar only certain claims); Mateo, 2019 WL 1409727, at *4 (plaintiff's "failure to understand the scope of the Release cannot establish a mutual mistake") (emphasis in original). Plaintiff got the benefit of his bargain

---

[8] In a letter filed on August 16, 2022, plaintiff acknowledges the March 2016 litigation but writes that "never did I sign any papers relieving [the City] from any other lawsuits." ECF No. 83. He also states an "officer Gator" went to his cell to try to "relieve matters," reiterates that he "did not sign any paper work" and that "to this very day" he "request[s] an investigation." Id. Although untimely, the letter generally reiterates plaintiff's argument that the release does not bar plaintiff's claims because it does not apply to claims other than those asserted in Medina I. This argument is incorrect.

The letter also requests the Court appoint plaintiff with an attorney. The request is denied. Although the Court would prefer all parties to have access to counsel, there is no right to counsel in a civil case. Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 453 (2d Cir. 2013). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989).

9

when settling Medina I and now "is bound" by the General Release. Caines, 2018 WL 2305563, at *3; see also Muhammad v. Schriro, No. 13-CV-1962 (PKC), 2014 WL 4652564, at *6 ("The defendants have come forward with evidence establishing that the Release bars [plaintiff's] claims, and that [plaintiff] has not offered any fact or argument that invalidates the Release.")

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motion for summary judgment should be granted.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 9, 2022
      Brooklyn, New York